UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

ELDIN RAMIC,

                              Plaintiff,

                                                    6:15-CV-01288
v.                                                   (LEK/TWD)

AFSA DATA, et al.,

                              Defendants.
───────────────────────────────────────────────

APPEARANCES:

ELDIN RAMIC
Plaintiff *pro se*
727 Mary Street
Utica, New York 13501

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* ("IFP application") and motion for appointment of counsel to the Court for review. (Dkt. Nos. 1-3.) Plaintiff Eldin Ramic has commenced this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and the New York Human Rights Law, N.Y. Exec Law, § 290 *et seq*. ("NYHRL"). For the reasons discussed below, the Court (1) grants Plaintiff's IFP application; (2) recommends *sua sponte* dismissal of Plaintiff's Complaint, without prejudice and with leave to amend, and (3) denies Plaintiff's motion for appointment of counsel without prejudice.

**I.     PLAINTIFF'S IFP APPLICATION**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). A review of Plaintiff's IFP application shows that he declares he is unable to pay the filing fee. Accordingly, the Court grants Plaintiff's IFP application (Dkt. No. 2) solely for purposes of initial review.

**II.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT**

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III. PLAINTIFF'S COMPLAINT

Construed liberally, Plaintiff claims that at an unspecified point in time, Defendants discriminated against him in violation of Title VII and NYHRL. (Dkt. No. 1.) Specifically, Plaintiff alleges: (1) termination of employment, (2) unequal terms and conditions of employment, (3) retaliation, and (4) denial of participation in a public service or program, based upon his national origin, religion, race, and color. *Id*. at 2-3.[1] Plaintiff also alleges that he has been attacked and tortured by electromagnetic weapons and microchip implantation. *Id*. at 4. Plaintiff claims he has been "forced out of the working force numerous times over and over, and my complaints about electromagnetic weapon attack have been wrongfully labeled as mental illness." *Id*.

Plaintiff declares he filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights, and the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discriminatory acts on or about October 19, 2015. *Id*. at 6. Plaintiff does not allege that he obtained a right-to-sue letter from the EEOC before filing this lawsuit. Plaintiff does not attach a right-to-sue letter to his Complaint. Plaintiff suggests that a right-to-sue letter is "N.A." *Id*. at 6.

### IV. ANALYSIS

#### A. Title VII

Title VII provides that "[i]t shall be an unlawful employment practice for an employer

---

[1] Plaintiff appears to have put together pages of various form complaints, and the paragraphs are not consecutively numbered. Thus, page references to documents identified by docket number are to the page number assigned by the Court's CM/ECF electronic docketing system.

. . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a claim under Title VII, a plaintiff must plead a discrimination claim "that is facially plausible and . . . give[s] fair notice to the defendant of the basis for the claim." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (citation omitted); *see also Iqbal*, 556 U.S. at 678.

A plaintiff asserting a discrimination claim under Title VII must file a timely complaint with the EEOC and obtain a right-to-sue letter before proceeding in federal court. *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994) (citing 42 U.S.C. §§ 2000e–5(e) and (f)); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (a Title VII claimant may bring suit in federal court only if he has filed a timely complaint with the EEOC and obtained a right-to-sue letter); *Watson v. Paulson*, 578 F. Supp. 2d 554, 562 (S.D.N.Y. 2008). After receiving a right-to-sue letter, a Title VII claimant has 90 days to commence his or her suit in federal court. *Cornwell*, 23 F.3d at 706 (citing 42 U.S.C. § 2000e–5(f)(1)). The Second Circuit has affirmed the *sua sponte* dismissal of *pro se* Title VII complaints where a plaintiff failed to allege that he or she obtained a right-to-sue letter. *See, e.g.*, *Grey v. Promenade Rehab. & Care Ctr.*, 145 Fed. App'x 705 (2d Cir. 2005).

Here, Plaintiff does not allege that he received a right-to-sue letter from the EEOC, and a right-to-sue letter is not attached to his Complaint. (*See* Dkt. No. 1.) Accordingly, the Court recommends *sua sponte* dismissal of Plaintiff's Complaint on the ground that he has failed to obtain a right-to-sue letter from the EEOC, a statutory prerequisite to suit under Title VII.

Nonetheless, in light of Plaintiff's *pro se* status, the Court recommends that Plaintiff's Title VII claim be dismissed without prejudice, and that Plaintiff be given the opportunity to amend.

### B.     New York's Human Rights Law

Construed liberally, Plaintiff's Complaint also alleges employment discrimination in violation of New York's Human Rights Law. *Id*. at 6. However, this Court does not have jurisdiction over claims brought under New York's Human Rights Law in the absence of diversity jurisdiction or supplemental jurisdiction. Diversity jurisdiction is proper where the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (2003). Here, the Court does not have diversity jurisdiction because Plaintiff and Defendants are citizens of the same state. (Dkt. No. 1 at 1.)

Inasmuch as the Court has recommended *sua sponte* dismissal of Plaintiff's Title VII claim, the Court also recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's NYHRL claim. *See* 28 U.S.C. § 1367(c)(3) (permitting a district court to decline supplemental jurisdiction where the "district court has dismissed all claims over which it has original jurisdiction"); *Kolari v. New York-Presbyterian Hosp*., 455 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed). The Court recommends dismissing Plaintiff's NYHRL claim without prejudice, to re-file in state court and subject to reconsideration in the event Plaintiff files a properly amended complaint in this Court.

## V.     PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has moved for appointment of counsel. (Dkt. No. 3.) Plaintiff states that he has contacted "numerous attorneys" and that they "all refused to take this case." *Id*. at 1. Even if the

Court were not recommending *sua sponte* dismissal of Plaintiff's Complaint, a more fully developed record would be necessary before an assessment can be made as to whether counsel should be appointed. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (court must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). Therefore, the motion is denied. The denial is without prejudice so that Plaintiff will not be precluded from making a subsequent motion for appointment of counsel in the event the District Court allows this action to proceed, or Plaintiff files an amended complaint that survives initial review.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED SOLELY FOR THE PURPOSE OF THIS INITIAL REVIEW**; and it is further

**RECOMMENDED** that the Complaint (Dkt. No. 1) be **DISMISSED**, and that the dismissal of Plaintiff's Title VII claim be without prejudice and with leave to amend, and that Plaintiff's NYHRL claim be dismissed without prejudice; and that it is further

**ORDERED** that the motion for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: November 3, 2015
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge