15UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELDIN RAMIC,

                   Plaintiff,

      -against-                              6:15-CV-1288 (LEK/TWD)

AFSA DATA, *et al.*,

                   Defendants.

## **ORDER**

      This matter comes before the Court following a Report-Recommendation filed on November 3, 2015, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 7 ("Report-Recommendation"). *Pro se* Plaintiff Eldin Ramic ("Plaintiff") timely filed Objections. Dkt. No. 9. ("Objections").

      Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

Plaintiff's Objections fail to address particular findings of the Report-Recommendation. See Objs. The Court has accordingly reviewed the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 7) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED**; and that the dismissal of Plaintiff's Title VII claim is **without prejudice and with leave to amend** and that the dismissal of Plaintiff's NYHRL claim is **without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to amend his Complaint (Dkt. No. 1) and refile his Title VII claim he must do so **within thirty (30) days** of the filing date of this Order. Plaintiff must either attach a right to sue letter from the EEOC to any amended complaint or provide an explanation of why he has failed to provide a right to sue letter. Plaintiff's failure to file an amended complaint within **thirty (30) days** of the filing date of this Order will result in the dismissal of this action. Plaintiff is advised that he may replead his NYHRL claim if he properly amends his Title VII claim.

**ORDERED**, that Plaintiff's Motion (Dkt. No. 3) for appointment of counsel is **DENIED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: December 03, 2015
Albany, NY

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge